UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL E. LEWIS, <br> SPN #02402026, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-18-3530 |
| SHERIFF ED GONZALES, et al., | § <br> § <br> § | |
| Defendants. | § <br> § | |

## **MEMORANDUM AND ORDER**

Plaintiff Michael E. Lewis (SPN #02402026) is currently in custody as a pretrial detainee at the Harris County Jail. Lewis has filed a civil rights complaint under 42 U.S.C. § 1983, concerning the state court criminal charges that are pending against him. Because Lewis is an inmate who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Lewis is currently in custody at the Harris County Jail as the result of indictments that were returned against him on August 21, 2017, and October 12, 2017.[1] Public records clarify that Lewis was charged by a grand jury indictment with aggravated kidnapping and aggravated assault with a deadly weapon in Harris County Cause Nos. 1562594 and 1562595.[2] Lewis was also charged in a separate indictment with assaulting a family or household member in Harris County Cause No. 1567311.[3] All of these cases are pending against Lewis in the 228th District Court for Harris County, Texas.[4]

Lewis complains that he was arrested by several unnamed United States Marshals pursuant to a fugitive warrant after he left Houston following Hurricane Harvey, which occurred in August 2017.[5] Arguing that the charges against him are false and that his confinement is unlawful, Lewis seeks compensatory damages in the amount of $1,295,000.00 from the unidentified U.S. Marshals who arrested him and from following defendants: (1) Harris County Sheriff Ed Gonzalez; (2) Harris County District Attorney Kim Ogg; and (3) Judge Marc Carter, who

---

[1] *See* Complaint [Doc. # 1], at 13.
[2] *See* Harris County District Clerk's Office website, located at: https://www.hcdistrictclerk.com (last visited Oct. 10, 2018).
[3] *See id.*
[4] *See id.*
[5] *See* Complaint [Doc. # 1], at 13.

presides over the 228th District Court.[6]

## II. DISCUSSION

Lewis names Harris County Sheriff Ed Gonzales as the primary defendant, but he does not allege facts showing that Gonzales had any involvement in his arrest or criminal prosecution. Without overt personal participation in the complained of condition or action, liability on the part of a supervisory official such as Sheriff Gonzales is available under 42 U.S.C. § 1983 only if the supervisory official implements a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citations and internal quotation marks omitted); *see also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable [under § 1983] . . . if . . . he implements unconstitutional policies that causally result in the constitutional injury"). Absent an allegation that Sheriff Gonzales was personally involved or that Lewis's arrest was the result of a deficient policy, Lewis fails to state a claim upon which relief may be granted where Sheriff Gonzales is concerned.

Likewise, Lewis cannot recover damages from Judge Carter in connection with the criminal proceedings referenced in the complaint. It is well established that judges are entitled to absolute immunity from claims arising out of acts

---

[6] *See id*. at 2-3, 13.

performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity may be overcome only by showing that the actions complained of were non-judicial in nature or were taken in the complete absence of all jurisdiction. *See id.* at 11-12. Because Lewis does not make this showing, the claims against Judge Carter must be dismissed.

For the same reason, Lewis cannot recover damages from the Harris County District Attorney Kim Ogg or any of the prosecutors assigned to his case.[7] Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). Because Lewis's claims

---

[7] To the extent that Lewis attempts to name the Harris County District Attorney's Office as a defendant, there is no showing that a district attorney's office in Texas has the capacity to be sued. *See Barrie v. Nueces County District Attorney's Office*, --- F. App'x ---, No. 18-40513, slip op. at 4-5 (5th Cir. Oct. 17, 2018) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). Therefore, the Court construes the complaint to raise a claim against Ogg, as Harris County District Attorney, or the prosecutors working on Lewis's pending criminal cases.

pertain only to actions taken by prosecutors during the presentation of charges pending in his state court criminal proceedings, the claims against Ogg must be dismissed as barred by immunity.

Lewis's only remaining claims for false arrest are against the unidentified deputy U.S. Marshals who took him into custody pursuant to a fugitive warrant issued in connection with the criminal charges that had been filed against him in Harris County. To prevail on a claim of false arrest, a plaintiff must show that there was no probable cause to arrest him in violation of the Fourth Amendment. *See Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Id*. at 655-56 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

An arrest effectuated pursuant to a valid arrest warrant satisfies the Fourth Amendment and forecloses a claim for false arrest under § 1983. *See Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1994) (where an individual is arrested pursuant to a valid warrant, arrested on the basis of a valid warrant and "[s]uch an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim"); *see also Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 652 (S.D. Tex. 2000) (citing *Baker v. McCollan*, 443 U.S. 137, 139 (1979)

(citations omitted)). Lewis does not allege that his arrest warrant was invalid. Even assuming that it was, Lewis does not allege that any of the deputy U.S. Marshals who executed the warrant had any personal involvement in securing or issuing that warrant, which concerned state court charges. Personal involvement is an essential element of a civil rights cause of action in an individual capacity claim. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a § 1983 action "specify the personal involvement of each defendant").

More importantly, Lewis concedes that the State of Texas obtained an indictment in all three of the cases lodged against him, which resulted in his arrest and confinement.[8] The return of an indictment against a defendant establishes probable cause as a matter of law. *See Gerstein v. Pugh*, 420 U.S. 103, 118 n. 19 (1975) (An indictment "conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry."); *see also McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) ("It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." )(quotation omitted); *Campbell v. City of San Antonio*, 43 F.3d 973, 976 (5th Cir. 1995) ("[T]he grand jury's determination that probable cause existed for the indictment also establishes that

---

[8] *See* Complaint [Doc. # 1], at 13.

element for the purpose of issuing a warrant for the apprehension of the person charged.") (citation and internal quotation marks omitted)). For these reasons, Lewis fails to state a claim against any of the U.S. Marshals who arrested him.

Because Lewis has not articulated a viable claim upon which relief may be granted under 42 U.S.C. § 1983, his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Michael E. Lewis is **DISMISSED** with prejudice for failure to state a valid claim for which relief may be granted under 42 U.S.C. § 1983.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order to the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on <u>October 19</u>, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE